UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL LONG,

        Plaintiff,

  v.

CITY OF SEATTLE, et al.,

        Defendants.

No. C05-1664P

ORDER GRANTING BELLTOWN ENTERPRISES LLC'S MOTION FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE

      This matter comes before the Court on a motion for summary judgment by Defendant Belltown Enterprises LLC, d/b/a Club Medusa. (Dkt. No. 64). Having considered the papers and pleadings submitted by the parties and the balance of the record in this case, the Court finds and ORDERS as follows:

      (1)    Defendant Belltown Enterprises LLC's motion for summary judgment is GRANTED.

      (2)    Plaintiff is ORDERED to show cause by February 2, 2007 why his claims against Belltown Business Association (BBA) should not be dismissed on either of the following grounds: (1) BBA is in a position similar to that of the previously dismissed defendants and claims against BBA are integrally related to those against the other defendants; or (2) Plaintiff has failed to effect service of the summons and complaint on BBA within the time prescribed by Rule 4(m).

      The reasons for the Court's order are set forth below.

ORDER - 1

# Background

The Court previously described the background of this case in its order granting summary judgment for the City of Seattle and its police officers. (Dkt. No. 61). To summarize briefly, Plaintiff Michael Long was shot at 3:00 a.m. on August 21, 2004 in a parking lot next to Club Medusa in Seattle. Mr. Long was shot by a person named Leroy Cummings following an argument.

Plaintiff filed a lawsuit in this Court against the City of Seattle and four police officers who were allegedly in the vicinity of the club when he was shot. Two of the officers (Jason Bender and Dustin Ay) were on-duty at the time of the shooting, while the other two officers (Chad McLaughlin and David Hockett) were off-duty, although in uniform. Plaintiff alleges that the off-duty officers were working to provide security for Club Medusa and the surrounding areas.

Plaintiff sued the officers and the City, raising claims under 42 U.S.C. § 1983 as well as state-law claims for negligence. On October 31, 2006, the Court granted a motion for summary judgment by the City and the police officers. The Court's order included the following provision:

> Following today's Order, only two corporate defendants remain in this case: Belltown Enterprises LLC (d/b/a Club Medusa) and Belltown Business Association. Plaintiff has brought state-law negligence claims against both defendants under a respondeat superior theory. The present posture of the case raises two key questions: (1) whether the Court should retain supplemental jurisdiction over the remaining state-law claims following the dismissal of the federal claims against the officers; and (2) whether Plaintiff may maintain any claims against the two corporate defendants under a respondeat superior theory in light of the dismissal of all claims against the individual officers. These questions cannot be appropriately resolved by the Court on a sua sponte basis. Counsel for plaintiff and the remaining defendants should consider whether the remaining issues may be resolved through stipulation and order or whether either side wises to bring a motion directed at one or both of these issues.

(Dkt. No. 61 at 14). Belltown Enterprises LLC, d/b/a Club Medusa, has now moved for summary judgment. Belltown Business Association (BBA) has not appeared in this matter and Plaintiff has not filed proof that BBA has been served with a copy of the summons and complaint in this matter.

ORDER - 2

**Analysis**

1. Belltown Enterprises' Motion for Summary Judgment

In his amended complaint, Plaintiff raised a negligence claim against all defendants, including Belltown Enterprises. In relevant part, the amended complaint states Plaintiff's negligence claim as follows:

> A. First Cause of Action: Negligence
>
> Defendant Officers had a duty to perform police duties, in spite of being hired in an off-duty private capacity, and would have had such duty even if they were not in uniform. Defendant Officers McLaughlin and Bender breached that duty when they directed the vehicles into the parking lot, then observed the loud, long, heated argument between Plaintiff and Leroy Cummings, which included threats of violence, and failed to take any action to prevent such violence, thereby creating the hazard that led to Plaintiff's damages.
>
> This failure to act caused and proximately caused severe damage to Plaintiff . . . .
>
> Defendants Belltown Enterprises, LLC, Belltown Business Association and the City of Seattle are therefore vicariously liable for this negligence by the doctrine of *respondeat superior*. . . .

(Dkt. No. 46 at 5).

"Under the doctrine of respondeat superior, an employer may be held liable for employee negligence that injures third persons, if the employee was within the scope of his employment at the time of the occurrence." Michael v. Laponsey, 123 Wn. App. 873, 875 (2004). Plaintiff appears to suggest that the off-duty police officers were working for or on behalf of Belltown Enterprises at the time of his shooting. However, because the Court has previously found no basis to hold that any of the police officers were negligent, Plaintiff cannot maintain a negligence claim against Belltown Enterprises on a respondeat superior theory. See, e.g., Brink v. Martin, 50 Wn.2d 256, 258 (1957) (principal cannot be held vicariously liable for negligence of agent where agent was not negligent).

In his response to Defendant's motion, Plaintiff contends that "Club Medusa was negligent on its own," not simply on a respondeat superior theory. Even assuming that Plaintiff's amended complaint could be fairly construed as alleging that Defendant Belltown Enterprises LLC, d/b/a Club Medusa, was "negligent on its own," Plaintiff's argument is untenable under Washington law.

ORDER - 3

1     Belltown Enterprises has pointed to evidence in the record indicating that it does not own or
2 control the parking lot where Plaintiff was shot. (Dkt. No. 55). There is also no evidence that
3 Plaintiff entered Club Medusa on the night of the shooting. Nonetheless, Plaintiff suggests that he
4 "was on the premises" of Club Medusa "as a business invitee." (Opp. at 3-4). Plaintiff appears to
5 base this contention on assertions that the parking lot was "used only by Club Medusa, the only open
6 business in that part of town at that hour" and that "Club Medusa was clearly exercising control over
7 the parking lot." Id. at 5. However, Plaintiff offers no evidence to support these assertions. As a
8 result, there is no basis to support a finding that Belltown Enterprises controlled the parking lot.

9     Plaintiff cites two Washington decisions to support his allegations that Club Medusa was
10 "negligent on its own" in this case: (1) Hutchins v. 1001 Fourth Avenue Associates, 116 Wn.2d 217
11 (1991); and (2) Nivens v. 7-11 Hoagy's Corner, 133 Wn. 2d 192 (1997). However, neither decision
12 would support Plaintiff's negligence claims against Belltown Enterprises.

13     In Hutchins, the plaintiff was assaulted on the property of the defendant after his assailants
14 pushed him onto defendant's property from a public sidewalk. Unlike here, the incident in Hutchins
15 took place on the property of the defendant. Nonetheless, the court held that the property owner
16 could not be sued for negligence, noting among other things that a "land possessor is not the insurer of
17 all those who may enter or pass by his land," (Hutchins, 116 Wn.2d at 233), and that "there is
18 unfairness in placing the burden of ensuring the safety of the citzenry upon occupants of land adjacent
19 to public ways because protection of the public in general is a duty allocated to the government." Id.
20 at 236-37. Those principles would also apply here.

21     In Nivens, the court held that a business owner owes a special duty to business invitees,
22 including a duty "to take reasonable steps to prevent harm to its invitees from the acts of third parties
23 on the premises, if such acts involve imminent criminal conduct or reasonably foreseeable criminal
24 behavior." Nivens, 133 Wn.2d at 207. However, this rule would not support Plaintiff's negligence
25

ORDER - 4

claim against Belltown Enterprises because Plaintiff has not offered evidence that he was a "business invitee" of Club Medusa or that he was shot on Club Medusa's premises.

Therefore, summary judgment will be entered in favor of Belltown Enterprises LLC on Plaintiff's negligence claims, including claims that the company was "negligent on its own" as well as negligence claims based on a respondeat superior theory.

2. <u>Claims Against Belltown Business Association</u>

Plaintiff's amended complaint also raises a claim for negligence against Belltown Business Association (BBA). Plaintiff alleges in his amended complaint that BBA is "a nonprofit Washington Corporation based in Seattle, who hired [the police officers] to provide security at and around Club Medusa." BBA has not appeared in this matter. However, dismissal of Plaintiff's claims against BBA would appear to be warranted on at least two different grounds.

First, the Ninth Circuit has held that a district court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." <u>Silverton v. Department of Treasury</u>, 664 F.2d 1341, 1345 (9th Cir. 1981); <u>see also</u> <u>Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery</u>, 44 F.3d 800, 802 (9th Cir. 1995) (noting "[w]e have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared"). Here, it would appear that BBA is in a position similar to that of the previously dismissed defendants and that claims against the defendants are integrally related.

In addition, Fed. R. Civ. P. 4(m) provides that if service of the summons and complaint is not made within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

ORDER - 5

1    Therefore, Plaintiff is ORDERED to show cause by February 2, 2007 why his claims against
2 BBA should not be dismissed, based on either of the following reasons: (1) BBA is in a position
3 similar to that of the previously dismissed defendants and claims against BBA are integrally related to
4 those against the other defendants; or (2) Plaintiff has failed to effect service of the summons and
5 complaint on BBA within the time prescribed by Rule 4(m).  Failure to respond or to show cause will
6 result in dismissal of Plaintiff's claims against BBA.

**Conclusion**

8    Consistent with the discussion above, the Court GRANTS summary judgment in favor of
9 Defendant Belltown Enterprises LLC, d/b/a Club Medusa.  Plaintiff is further ORDERED to show
10 cause by February 2, 2007 why his claims against Belltown Business Association (BBA) should not be
11 dismissed on either of the following grounds:  (1) BBA is in a position similar to that of the previously
12 dismissed defendants and claims against BBA are integrally related to those against the other
13 defendants; or (2) Plaintiff has failed to effect service of the summons and complaint on BBA within
14 the time prescribed by Rule 4(m).
15    The Clerk is directed to send copies of this order to all counsel of record.
16    Dated:   January 19, 2007

                                    s/Marsha J. Pechman
                                    Marsha J. Pechman
                                    United States District Judge

ORDER - 6